UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>   Plaintiff,<br><br> vs.<br><br>JORDON,<br><br>   Defendant. | 1:16-cv-01800-GSA-PC<br><br>ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF No. 1.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I. BACKGROUND**

Walter Shane Langston ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 18, 2016, in the Sacramento Division of the U. S. District Court, Eastern District of California. (ECF No. 1.) On November 29, 2016, this case was transferred to the Fresno Division of the Eastern District of California. (ECF No. 3.).

On December 7, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

**II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The Court has found evidence on the court record of four 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on November 18, 2016.[1] The Court takes judicial notice of these cases: (1) 2:10-cv-02196-EFB Langston v. Finn, et al. (E.D.Cal) (dismissed on March 2, 2011, for failure to state a claim); (2) 2:10-cv-02715-GGH Langston v. Enkojii, et al. (E.D.Cal.) (dismissed on April 26, 2011, for failure to state a claim); (3) 2:08-cv-00275-EFS Langston v. Finn, et al. (E.D.Cal.) (dismissed on May 1, 2013, for failure to state a claim); and (4) 2:10-cv-03191-KJN Langston v. Hartley, et al. (E.D.Cal.) (dismissed on May 24, 2013, for failure to state a claim).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient.

---

[1] The Court has examined the orders dismissing the four cases and finds that they constitute "strikes" within the meaning of § 1915(g).

White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the Complaint Plaintiff alleges that Defendant Correctional Officer Jordon failed to give Plaintiff a property receipt which Plaintiff needs to receive his property. Plaintiff approached Defendant Jordon on July 20, 2016, and requested the receipt. Defendant Jordon told Plaintiff he would give him the property receipt in exchange for sexual favors. Plaintiff filed a grievance against Defendant Jordon. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff may not proceed in forma pauperis in this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff shall be denied leave to proceed in forma pauperis in this case, and this case shall be dismissed, without prejudice, to refiling with the submission of the $400.00 filing fee in full.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is DENIED leave to proceed in forma pauperis in this case;
2. This case is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

   Dated:   **December 8, 2016**             **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE